Opinion of the Court, by
Judge Owsley.
MUDD prosecuted this action against Beauchamp in the Washington circuit court, upon a record from State of Maryland. Beauchamp pleaded nul tiel record, upon which plea issue was joined, and judgment awarded against Mudd; to reverse which, Mudd prosecutes this writ of error. The record offered in evidence by Mudd in support of the issue, contains the history of a cause, from the commencement to its end, prosecuted by him against Beauchamp, before John Marhall Gault, Chief Justice, and Daniel Jeniper, &c. associate Judges of Charles county court in the state of Maryland, together with the attestation of the clerk of the said court, certifying that it is truly copied from the record of the proceedings of Charles county; to which is annexed the seal of the court, and the certificate of said John Marhall Gault, Chief Justice, certifying that the certificate of the clerk is in due form of law.
The only question necessary to be decided in this case is, whether the record is properly authenticated. By an act of Congress, entitled “an act to prescribe the mode in which the public acts, records and judicial proceedings in each state, shall be authenticated, so as to take effect in every other state,” it is provided, that the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the Judge, Chief *143 Justice, or presiding Magistrate, as the case may be, that the said attestation is in due form. We think the authentication of the record complies with every requisition of this act. It contains the testimonial of the clerk, the seal of the court and the certificate of the chief justice, or judge of the court, that the attestation is in due form of law. The law does not require, as was contended in argument, that the judge should certify that he is presiding judge of the court; nor does it require the clerk should certify that the transcript is a full transcript of the whole proceedings. His certificate that the transcript is truly copied from the record of the proceedings of the court, and it appearing to be a complete record of the proceedings of the suit, from the commencement to the termination thereof, surely is all the law requires. The court of Washington circuit, therefore, erred in giving judgment on the plea of nul tiel record against Mudd. It is, therefore, considered by the court, that the judgment of the Washington circuit court is erroneous, and must be reversed with costs; that this suit be remanded to that court, that judgment be entered on the issue joined in favor of Mudd, &c.